F. W. WOOLWORTH CO. v. UNITED STATES

**No. 6499.**—Invoices dated Hanley, England, August 30, 1941, etc.
Certified September 5, 1941, etc.
Entered at San Francisco, Calif., October 31, 1941, etc.
Entry Nos. 1860; 2213; 2268.

(Decided November 12, 1946)

*Sharretts & Hillis* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KEEFE, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware and chinaware here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases. Insofar as the appeals related to all other merchandise they are hereby dismissed.
Judgment will be rendered accordingly.

B. ALTMAN & CO. v. UNITED STATES

**No. 6500.**—Invoice dated London, England, February 5, 1942.
Certified March 13, 1942.
Entered at New York, N. Y., April 8, 1942.
Entry No. 746159.

(Decided November 12, 1946)

*Marlow & Hines* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KEEFE, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.